**SO ORDERED: February 06, 2009.**



**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mark G. Hanselman, | ) | Case No. 05-73342-BHL-7A |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| R. Stephen LaPlante, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proceeding No. 07-57220 |
| | ) | |
| Mark G. Hanselman and Hanselmans, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT**

This matter comes before the Court on a **Complaint to Avoid Postpetition Transfers and for an Accounting**, filed on October 12, 2007 by R. Stephen LaPlante ("Trustee"), acting solely in his capacity as the Trustee in this case. A trial was held on August 21, 2008 at the conclusion of

1

which both parties were given the opportunity to submit post-trial briefs. Those briefs having been filed, the Court took the matter under advisement.

## Facts

The Debtor, Mark G. Hanselman ("Mark"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005. At the time the petition was filed, Mark held a sixteen percent (16%) ownership interest in Hanselmans, Inc ("Hanselmans"). *Plaintiff Ex. 9*. Hanselmans is a closely-held, family business with its principal place of business in Dubois County, Indiana. The other shareholders of Hanselmans are Alan Hanselman (16% ownership interest), Gail Hettinger (16% ownership interest), and Larry Hanselman (52% ownership interest). *Plaintiff's Ex. 9*. Mark was not an employee of, and did not receive a salary from, Hanselmans at any time pertinent hereto.

On January 5, 2006, the Trustee sent a letter notice ("Notice") to Larry Hanselman advising Hanselmans to cease making distributions to Mark. *Plaintiff's Ex. 1*. On March 24, 2006, this Court ordered Mark to turnover to the Trustee the stock certificates issued by Hanselmans and, on April 4, 2006, the Trustee received the stock certificates. *Plaintiff's Ex. 1*.

Despite the foregoing Notice, Hanselmans made post-petition distributions to Mark totaling $25,446.41. The amount distributed before January 5, 2006 was $12,525.94, and the amount distributed after January 5, 2006 was $12,920.47. Hanselmans' accountant, however, testified that Mark was actually entitled to post-petition distributions totaling $37,557.47 as a 16% shareholder. *Plaintiff's Ex. 11*. Hanselmans concedes that the difference, or $12,111.06, remains due and owing to the Trustee. *Hanselmans, Inc.'s Post Trial Memorandum*, pg. 9. Hanselmans stopped making shareholder distributions in September of 2007.

The Trustee initiated this adversary proceeding on October 12, 2007 against the Debtor and Hanselmans seeking an accounting for, and recovery of, all post-petition transfers from Hanselmans to Mark. At trial, the Trustee additionally requested sanctions against Hanselmans in the nature of a forced redemption of Mark's ownership interest in Hanselmans and/or attorney fees.

### **Analysis**

Relying on 11 U.S.C. § 542, the Trustee seeks the turnover of both the $25,446.41 that was actually distributed to Mark and the $12,111.06 undistributed payment owed to Mark[1]. That section provides in pertinent part:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
> ...
> (c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

"Property" as used in subsection (a), is defined more explicitly in 11 U.S.C. §541 as "Property of the Estate" and includes "all legal or equitable interests of the debtor in property as of the commencement of the case" and any "[p]roceeds, product, offspring, rents or profits of or from property of the estate." 11 U.S.C. §541(a)(1) and (a)(6). There is no dispute that the stock certificates were property of the estate as of the Petition Date.

---

[1] As stated above, Hanselmans does not dispute that it must pay the $12,111.06, which represents the undistributed payments due Mark as a shareholder, to the Trustee.

3

Hanselmans argues, however, that certain of the distributions which were made to pay for Mark's health insurance premiums, are not property of the estate. Hanselmans relies upon 11 U.S.C. §541(b)(7) which provides an exemption of amounts "withheld by an employer from the wages of employees" for contribution to a health insurance plan. But because the testimony and evidence both show that Mark was not employed by Hanselmans at the time in controversy, the necessary employer/employee relationship did not exist, and 11 U.S.C. §541(b)(7) does not apply. Accordingly, both the stock certificates, and all distributions made based on their ownership, are included as property of the estate and are subject to turnover.

11 U.S.C. §542 allows for the turnover to the trustee of property, or its value, which is in the possession of a third-party during the bankruptcy case. It is undisputed that Hanselmans made post-petition distributions to Mark totaling $25,446.41. The Trustee is entitled to recover those funds from the Debtor. At issue is what portion, if any, of that amount is recoverable from Hanselmans based upon the Seventh Circuit Court of Appeals decision in *In re USA Diversified Products, Inc.*, 100 F.3d 53 (7th Cir. 1996). In *USA Diversified*, the debtor had transferred $125,000.00 to a law firm in order to fund a possible suit settlement. The following day, the debtor filed for bankruptcy relief under Chapter 11. The law firm was placed on notice of the bankruptcy four days later and after several months had passed, returned the funds, minus their legal fees, to the debtor at his request. *Id.* at 55. The primary question was whether the law firm had the requisite knowledge required by 11 U.S.C. §542(c). In answering in the affirmative, the Court held:

> [T]hat subsection (c) means that the relevant knowledge or notice is knowledge or notice to a possessor of property that a bankruptcy proceeding had begun *and* that the property in the possessor's custody was property of a debtor in that bankruptcy proceeding.

*Id.* at 57. In the present case, Hanselmans was put on notice that it held property of the debtor in

4

bankruptcy when it received the Notice from the Trustee on January 5, 2006. Therefore, any distributions made after that date should have been made to the bankruptcy estate, not to Mark. The total amount distributed to Mark after January 5, 2006 was $12,920.47. Therefore, pursuant to 11 U.S.C. § 542, the Trustee is entitled to collect $12,920.47 from Hanselmans. In addition, Hanselmans has admitted owing $12,111.06 to the Trustee for unpaid distributions owed Mark.

Based upon the foregoing, the Court finds that the Trustee is entitled to a Judgment against Hanselmans in the amount of $25,031.53. Of this amount, Mark Hanselman and Hanselmans are jointly liable for the $12,920.47. Hanselmans is solely liable for the $12,111.06 which represent the unpaid shareholder distributions that remain due and owing.

### Sanctions Against Hanselmans

At trial, the Trustee asserted that Hanselmans' actions warranted their forced redemption of Mark's minority shareholder interest. As support for this, the Trustee cites an Indiana Supreme Court decision, *G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227 (Ind. 2001). That Court, while acknowledging the extreme nature of the remedy, held that the actions of the majority shareholder of that close corporation were so severe that no remedy short of a forced sale was appropriate. *Id.* at 243. The Court went on to state that courts should be free to fashion appropriate remedies in cases of this nature, but that "[t]his remedy should be exercised only after careful thought." *Id.* at 244. In *G & N Aircraft*, the majority shareholder used several techniques that were designed solely to coerce the minority shareholder into selling his shares at less than market value. *Id.* No such coercive actions have been taken in this case and the Court finds that a forced redemption is not warranted. The Court does, however, order Hanselmans to make a monthly accounting of all future shareholder distributions to the Trustee.

Further, the Trustee seeks an award of attorney fees against Hanselmans as a sanction for its willful actions in making post-petition distributions to Mark. In a situation where the holder of property of the estate, on notice of the bankruptcy proceeding, makes distributions to the debtor, some form of sanction is appropriate. *In re Vogt*, 245 B.R. 53 (Bkrtcy.E.D. Va., 2000). Based upon the particular facts of this case, and the amount in controversy, the Court grants the Trustee attorney fees in the amount of $10,000.00 to be paid by Hanselmans.

### Judgment

**IT IS HEREBY ADJUDGED** that the Trustee is entitled to Judgment in the amount of Thirty-Seven Thousand Five Hundred Fifty-Seven Dollars and Forty-Seven Cents ($37,557.47). Of this amount, the Debtor is solely responsible for the distributions made prior to the January Notice, in the amount of Twelve Thousand Five Hundred Twenty-Five Dollars and Ninety-Four Cents ($12,525.94) and the Debtor and Hanselmans are jointly liable for distributions made after the January Notice, in the amount of Twelve Thousand Nine Hundred Twenty Dollars and Forty-Seven Cents ($12,920.47). Hanselmans is solely liable for the Twelve Thousand One Hundred Eleven Dollars and Six Cents ($12,111.06) which represent the unpaid shareholder distributions that remain due and owing.

**IT IS FURTHER ORDERED AND ADJUDGED** that Hanselmans shall provide the Trustee with a monthly accounting of all shareholder distributions and shall pay the Trustee the sum of Ten Thousand Dollars ($10,000.00) for his attorney fees incurred in pursuing this action.

###

cc: Distribution to all counsel.